GEORGE SCHWARTZ, JR., PLAINTIFF, v. THE ATLANTIC AND PACIFIC TELEGRAPH COMPANY, DEFENDANT.

*Telegraph company — not a common-carrier — what terms imposed by, reasonable — when the sender is bound by such terms.*

The defendant, a telegraph company, sent messages at a regular and established rate, and required the sender, if he wished to insure accuracy, to have the message repeated. It also sent messages at night at half-rates, on condition that it should not be liable for errors or delay, from whatever cause occurring, but, in case they occurred, should only be bound to return the money paid.

The plaintiff wrote a message on one of defendant's blanks, on which the foregoing terms and conditions were printed, under the words: "Send the following message, subject to the above terms, which are agreed to."

In an action to recover damages occasioned by the failure of the defendant to transmit the message, *held*, that the terms imposed by the defendant were reasonable, and, that the plaintiff having agreed to them, could only recover the amount paid by him for the sending of the message.

*Maynard* v. *Syr. and Bing. R. R.* (71 N. Y., 180), distinguished.

A telegraph company is not a common-carrier.

MOTION for judgment on a verdict in favor of the plaintiff, directed at the circuit, subject to the opinion of the General Term.

The action was brought to recover the damages alleged to have been caused by the negligent failure of the defendant to transmit or deliver a message, delivered to it by the plaintiff. The message was sent as a half-rate message, as it is called, and was in the following form :

No. 9.          HALF–RATE MESSAGES.

The Atlantic and Pacific Telegraph Company will receive messages for the principal stations in the United States, east of the Mississippi river, to be sent during the night at one-half the usual rates, on condition that the company shall not be liable for errors or delay in the transmission or delivery, or for non-delivery of such messages, from whatever cause occurring, and shall only be bound in such case to return the amount paid by the sender.

No claim for refunding will be allowed, unless presented in writing within twenty days.

JOHN DUFF, *President*,
G. S. BOWDOIN, *Treasurer*,
ALFRED NELSON, *Secretary*,
E. D. L. SWEET, *Executive Manager*.

ALBANY, N. Y., *May* 22, 1873.

Send the following message, subject to the above terms, which are agreed to.

To Chas. Schwartz, 160 East Washington street, Chicago, Ill. Buy 1,000 lard for July or last half June.

Paid 50.                                    GEORGE SCHWARTZ, Jr.

*G. L. Stedman,* for the plaintiff. The defendant having failed, through negligence, to transmit the message from the plaintiff to his agent, is liable for the damages resulting to the plaintiff from such neglect. (*Rittenhouse* v. *Ind. Line of Tel.,* 44 N. Y., 263 ; *Breese* v. *U. S. Tel. Co.,* 48 id., 132.) The blank does not attempt to provide against neglect to transmit. Such an attempt would have been in direct opposition to the terms of the statute, which makes it the duty of the company to transmit all messages delivered to it and paid for. (Laws of 1855, chap. 559; R. S., [Banks' 6th ed.], vol. 2, 634, § 11; *Breese* v. *U. S. Tel. Co.,* 48 N. Y., 137, 138; R. S., vol. 2 [6th ed.], 634; *Bartlett* v. *W. U. Tel. Co.,* 62 Maine, 209; Whart. on Negligence, § 762; *Sweatland* v. *Telegraph Co.,* 27 Iowa, 433; *S. C.,* 1 Am. [Parson's] Rep., at pp. 285, 291, 295; *Guillame* v. *Hamburg and Am. Packet Co.,* 42 N. Y., 212; *Steinweg* v. *The Erie Railway,* 43 id., 123, at page 126; see, also, *Oppenheimer* v. *The U. S. Express Co.,* 9 Alb. Law Jour., 187.)

*Charles Edwards Souther,* for the defendant. The plaintiff, by adopting the message blank, accepted its provisions, and thereby contracted with defendant. (*Young* v. *W. U. Tel. Co.,* 65 N. Y., 163; *Aiken* v. *Telegraph Co.,* 5 S. C., 358, at p. 372, *et seq.; Hibbard* v. *W. U. Tel. Co.,* 33 Wis., 558; *Grinnell* v. *W. U. Tel. Co.,* 113 Mass., 299, opinion of GRAY, C. J., at pp. 301, 302.)

LEARNED, P. J.:

The defendant is not a common-carrier, and, therefore, the peculiar liability of a common-carrier does not exist in this case. (*Grinnell* v. *W. Un. Tel. Co.,* 113 Mass., 299; *Breese* v. *U. S. Tel. Co.,* 48 N. Y., 132.) The defendant's liability must depend on its obligation to perform what it undertook, qualified as that may be by any lawful condition imposed by it on the plaintiff.

Courts sometimes speak of the regulations, adopted by such companies as the defendant, as constituting a contract with those who send messages. But while individuals may make whatever contracts they please, I should be unwilling to admit that a company, like the defendant, discharging a *quasi* public employment, could impose whatever regulations it pleased upon its customers, whether those regulations were reasonable or not; and that by printing such regulations on its message papers it could compel every person to accept them. There must be, in my judgment, this qualification, that the regulation shall be reasonable; and this qualification I understand to be recognized. (*Breese* v. *U. S. Tel. Co.*, *ut supra*, p. 141.) By such reasonable regulation, brought to the knowledge of the sender, they can protect themselves against liability for mistake " not occasioned by gross negligence or willful misconduct."

In the present case the defendant had a usual and regular fee for sending a message from Albany to Chicago. To guard against mistakes they required the message to be repeated, and this requirement and some other matters were printed on the ordinary blank. They also had a half-rate message blank which was in common use.

By the terms printed upon this they offered to send messages at night at one-half the usual rates, on condition that they should not be liable for errors or delay from whatever cause occurring, but should only be bound to return the money paid. The plaintiff's message was written by him on one of those half-rate blanks, under the words, " send the following message subject to the above terms, which are agreed to; " and he paid one-half the price which he would have paid for a day message.

Now, it is strongly argued by the plaintiff that the terms of this message blank, strong as they are, do not relieve the defendant for liability for its own negligence. And on that point the recent case of *Maynard* v. *Syr. and Bing. R. R.* (71 N. Y., 180) is cited. I admit the full force of that decision, which seems to be a step towards bringing back the law of common-carriers into a condition where the public will be protected. But that decision, and others like it, concern common-carriers, and their duties in respect to the care and custody of property in their possession. They are not strictly analogous with the present. For no property is

entrusted to the possession of the defendant. Its only duty is to send a message. And, furthermore, it will be seen that the defendant does not pretend to avoid, but only to limit, its liability for negligence. It admits that it is bound to return the money paid; but only claims to be free from further liability.

Nor is it necessary to say whether or not the defendant would be exempted from liability in case of "gross negligence or willful misconduct;" for the only admission in the case is simply of negligence.

The case, then, seems to be this. The company having a system of receiving and repeating messages by which it can, as it supposes, insure accuracy, and having a certain fixed rate for ordinary messages, is willing to send messages during the night, at half the ordinary rate (and, of course, without repetition), provided that, if the message is not received, the only liability of the company shall be to return the money. The plaintiff knew of these terms and accepted them. They are perfectly reasonable and he should be bound by them. The company may justly suppose that a man having a message to send, of pecuniary importance, will take the precaution to have it repeated, and certainly will not send it on a night and half-rate blank, and relinquish in express words all claim for damages, except the return of his money. Many messages are sent of trivial importance. I see no reason why the defendant may not afford the opportunity of sending such messages during a certain time and at a reduced rate; and why it may not, in such cases, limit its liability, as in the present instance; provided, however, that it also affords a reasonable opportunity of sending messages for the non-delivery of which it shall be liable to the amount of the damages sustained.

In this view of the case it is unnecessary to examine the question, whether the plaintiff sustained any damages for which he could recover.

The verdict should be set aside and the plaintiff should recover fifty cents.

Present — LEARNED, P. J., and BOARDMAN, J. · BOCKES, J., not acting.

Verdict set aside and judgment ordered for plaintiff for fifty cents, with costs to defendant.